# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **VICTORIA HILLMAN,** | § § | **CIVIL ACTION NO.:** |
| **Plaintiff,** | § § | |
| v. | § § | _____ |
| **WAL-MART STORES EAST, LP,** | § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL

COMES NOW Defendant, Walmart Stores, East, LP, (hereinafter "Walmart"), by and through its undersigned counsel, and hereby gives notice of the removal of the above-styled cause to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b). As grounds for removal, Walmart states as follows:

1.      The state court lawsuit at issue is styled <u>Victoria Hillman v. Wal-Mart Stores East, LP</u>, CV-2020-903176 and was filed in the Circuit Court of Jefferson County on September 10, 2020. (*See* Complaint, attached hereto as part of compilation Exhibit A) (hereinafter the "state court lawsuit"). Walmart was served with the lawsuit on September 15, 2020 and timely filed this Notice of Removal in accordance with 28 U.S.C. § 1446(b).  As required by 28 U.S.C. §§ 1446(a) and

1447(b), copies of the case action summary and all documents contained in the state court action are attached collectively to this Notice of Removal as Exhibit A.

2. The Plaintiff in this action, Victoria Hillman, has raised claims against Walmart for negligence and wantonness (Count I) and negligent/wanton training, supervision, and hiring (Count II), arising out of a fall she sustained while in a Walmart store. (*See* Complaint).

3. Jefferson County, Alabama, where the state court action is pending, is within the territorial jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division. *See* 28 U.S.C. §§ 81(a)(3). Accordingly, removal to this Court is proper. *See* 28 U.S.C. § 1441(a).

4. Walmart's Notice of Removal is based on the diversity jurisdiction of this Court and the amount in controversy. *See* 28 U.S.C. § 1332(a) and (c).

## **Diversity of the Parties**

5. Walmart Stores East, LP, is the only named Defendant in the state court action, and no fictitious parties have been named in that case. *See* 28 U.S.C. § 1441(b)(1) (fictitiously named defendants are to be disregarded in federal court as a matter of law).

6. Upon information and belief, Hillman is a resident of and domiciled in the state of Alabama, as alleged in the Complaint (*See* Complaint, at ¶ 1). Wal-Mart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC

is the general partner, and WSE Investment, LLC is the limited partner, both of which are Delaware limited liability corporations. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) The principal place of business for all of the aforementioned entities mentioned is Bentonville, Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Walmart is therefore deemed a citizen of the state of Arkansas.

7. Complete diversity of citizenship between the parties exists under 28 U.S.C. § 1332 because Hillman is a resident of and domiciled in the state of Alabama, and Walmart is a citizen of the state of Arkansas.

## Amount in Controversy

9. In her Complaint, Plaintiff asserts claims for negligence and wantonness as well as negligent/wanton training, supervision, and hiring. As mentioned above, those claims arise out of a fall she sustained while inside a Walmart store. As is common, Plaintiff does not state an amount certain for which she seeks recovery in her Complaint.

10. Because the face of the Complaint does not contain any statement of the amount sought by Plaintiff, the amount in controversy must be established by other evidence. To that end, the removing Defendant points to Plaintiff's counsel's

demand letter dated April 20, 2020. (Exhibit B). In this demand, Plaintiff's current counsel outlines the nature of Plaintiff's claims and injuries including the cost of her care, the alleged extent of her pain and suffering, and the alleged extent of her lost wages. *Id*.

11.     As the Court is aware, while "[t]he amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000 … 'it counts for something.'" *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). What such demand letters count for depends on the specificity of the demand and supporting information provided. *See Jones v. Marriott Int'l., Inc.*, 2018 U.S. Dist. LEXIS 85211, *11 (S.D. Ala. May 22, 2018)(citing *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996)(citing in turn *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp 1364 (M.D. Ala. 1998)).

12.     Here, as discussed above, Plaintiff's demand letter is specific: it lays out her "excruciating" pain, and the specific surgery she obtained – "left hip arthroplasty" – and it outlines the cost of her treatment to date: $96,727.82. Additionally, the Plaintiff's demand letter goes into great detail to explain the rationale for Plaintiff's lost wage claim of $247,381.71. (Exhibit B).

13.     At the end of the day, Plaintiff's demand letter reveals a clear, unequivocal, and reasonably supported statement of the amount truly sought in this case. *See e.g. Benandi v. Mediacom Southeast, LLC*, 2011 U.S. Dist. LEXIS 125084,

*7-8 (finding that demand letter that described the plaintiff's injuries, costs incurred, and explained a basis for punitive damages was not speculative and sufficient evidence of the true amount in controversy). The amount in controversy here exceeds $75,000.00 and, thus, the Court has jurisdiction over this civil action.

14.  While Walmart in no way concedes Hillman can establish that she is entitled to recover any of these damages, her likelihood of success is irrelevant at this juncture.  As the Eleventh Circuit opined in Pretka, "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2007) (citing Amoche v. Guarantee Trust Life Inc. Co., 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original)).  Keeping in mind that the removing defendant need only "prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement," Walmart has more than satisfied this burden.  *See* Pretka, 608. F.3d at 752, citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) (emphasis added by Pretka Court).

## Procedural Compliance

15.  Walmart has provided a copy of this Notice of Removal to all adverse parties and to the Clerk of Court of Jefferson County, Alabama, in accordance with

28 U.S.C. § 1446(d).

16. Walmart reserves the right to supplement or amend this Notice of Removal as necessary and appropriate.

Respectfully submitted,

/s/    Julie D. Pearce
Julie D. Pearce (asb-9946-c35j)
Amanda Graham (asb-9124-r15a)
Attorneys for Defendant Walmart Stores East, LP

**OF COUNSEL:**
**GAINES GAULT HENDRIX PC**
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
Telephone:  205-980-5888
Facsimile:  205-980-1098
jpearce@ggh-law.com
agraham@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 15th day of October, 2020.

Mark Erdberg
Jamie C. Erdberg
**JAFFE & ERDBERG**
600 20th Street North, Suite 400
Birmingham, Alabama 35203

/s/    Julie D. Pearce
OF COUNSEL
